UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON BAKEROFSKIE,

        Plaintiff,

v.                                 Case No.: 8:24-cv-01854-TPB-NHA

AVENTURA AT THE BAY, LLC,

        Defendant.

_____/

## ORDER

Plaintiff's motion for entry of Clerk's default Aventura at the Bay, LLC (Doc. 10) is denied without prejudice.

On August 6, 2024, Plaintiff Aaron Bakerofskie filed this action, alleging that Defendant Aventura at the Bay, LLC violated the Employment Retirement Income Security Act of 1974. Compl. (Doc 1). Plaintiff now seeks entry of Clerk's default against Defendant, claiming that it served Defendant on August 15, 2024 (Doc. 8) and that Defendant failed to answer or otherwise respond. Doc. 10.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the

defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations and partnerships, and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Additionally, Rule 4(e)(1) provides for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"—in this case, Florida. Fed. R. Civ. P. 4(e)(1).

Here, the return of service demonstrates that Plaintiff served a copy of the summons and original complaint on "Alyssa J, as Assistant Administrator for Aventura at the Bay, LLC." Doc. 8. The return of service omits Alyssa J.'s complete surname (Doc. 8), and there is no evidence that Alyssa J. is an

2

"officer" or a "managing or general agent" for Defendant. Fed. R. Civ. P. 4(h)(1).  Nor is there any indication that this person is an "agent authorized by appointment or by law to receive service of process" on behalf of Defendant. The Florida Department of State, Division of Corporations Website, does not list Alyssa J. as either a registered agent or an officer of Defendant; it names only Mark Kaszizer.[1] Thus, Plaintiff has failed to establish that service was proper under Rule 4(h)(1)(B).

Plaintiff has also failed to show that service was proper under Florida law. Section 48.062 of the Florida Statutes governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf. Subsection (2) directs plaintiffs to first attempt service on the LLC's registered agent. *See* Fla. Stat. § 48.062. This appears to be the subsection under which Plaintiff's process server attempted to proceed.

However, because there is no evidence that Plaintiff attempted to serve Defendant's registered agent, Mark Kaszizer, Plaintiff has failed to prove that Defendant was properly served under Florida law.

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Accordingly, Plaintiff's motion for Clerk's default against Aventura at the Bay, LLC (Doc. 10) is **DENIED WITHOUT PREJUDICE** for failure to demonstrate effective service.

ORDERED on September 18, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

4